Justin Cilenti, Esq.
Peter Hans Cooper, Esq.
CILENTI & COOPER, PLLC
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| RADAMES MATOS, and DANIEL BATISTA, | Case No.: 20 CV 6308 |
| Plaintiffs, | |
| -against- | **COMPLAINT in an FLSA ACTION** |
| 206 KINGSBRIDGE CLEANERS INC. dba KINGSBRIDGE CLEANERS; SOLUTION CLEANERS CORP.; and JUAN CARLOS DOMINGUEZ, | ECF Case |
| | Jury Trial Demand |
| Defendants. | |

---

Plaintiffs, Radames Matos and Daniel Batista ("Plaintiffs"), by and through their undersigned attorneys, Cilenti & Cooper, PLLC, file this Complaint against Defendants, 206 Kingsbridge Cleaners Inc., *doing business as* Kingsbridge Cleaners, located at 206 West 238th Street, Bronx, New York 10463; Solution Cleaners Corp., located at 701 West 177th Street, New York, New York 10033; and Juan Carlos Dominguez, individually (all defendants collectively referred to herein as the "Defendants"), and state as follows:

## INTRODUCTION

1.      Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), they are entitled to recover from the Defendants: (1) unpaid

wages, minimum wages, and overtime compensation; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2.  Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (1) unpaid wages, minimum wages, and overtime compensation; (2) unpaid "spread of hours" premiums for each day they worked more than ten (10) hours; (3) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 201 et seq. ("FLSA"), 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and, 1337, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.  Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391, because the conduct making up the basis of the complaint took place in this judicial district.

## THE PARTIES

### *THE PLAINTIFFS*

5.  Plaintiffs are adult residents of Bronx County, New York.

6.  Plaintiff Radames Matos was an employee of "Kingsbridge Cleaners", through corporate entities, located at 206 West 238th Street, in Bronx County, New York, between February and December 2019.

7.  Plaintiff Daniel Batista was an employee of "Solution Cleaners" and "Kingsbridge Cleaners", through corporate entities, located at 701 West 177th Street, in New York County, New York; and 206 West 238th Street, in Bronx County, New York, respectively, between 2014 through March 2020.

## THE DEFENDANTS

8. At relevant times, Defendant, 206 Kingsbridge Cleaners Inc., doing business as Kingsbridge Cleaners, was and is a domestic business entity organized and existing under the laws of the State of New York, located at 206 West 238th Street, Bronx, New York, NY 10463.

9. At relevant times, Defendant, Solution Cleaners Corp., was and is a domestic business entity organized and existing under the laws of the State of New York, located at 701 West 177th Street, New York, New York 10033.

10. Defendant Juan Carlos Dominguez is an owner, shareholder, officer, director, supervisor, and/or managing agent, of the corporate defendants, 206 Kingsbridge Cleaners, Inc., and Solution Cleaners Corp., who actively participated, and continues to participate in the day-to-day operations of the corporations, and acted intentionally and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with 206 Kingsbridge Cleaners, Inc., and Solution Cleaners Corp.

11. The individual defendant Juan Carlos Dominguez, exercised control over the terms and conditions of Plaintiffs' employment in that he had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, including Plaintiffs, and (v) otherwise affect the quality of their employees' employment.

12. At all times relevant to this action, Defendant Juan Carlos Dominguez, created and implemented crucial business policies, including decisions concerning the number of hours the employees were required to work, the amount of pay that the employees were entitled to receive, and the method and manner by which the employees were to be paid.

13. Defendant Juan Carlos Dominguez exercised sufficient control over Kingsbridge Cleaners and Solution Cleaners' and day-to-day operations as to be considered an employer of the Plaintiffs, under the FLSA and New York Labor Law.

14. Upon information and belief, at all times relevant to the allegations in this Complaint, the corporate defendants, were, and continues to be, "enterprises engaged in commerce" within the meaning of the FLSA in that they (i) have and have had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have had an annual gross volume of sales of not less than $500,000.

15. At all relevant times, Kingsbridge Cleaners and Solution Cleaners were, and continue to be, "enterprises engaged in commerce" within the meaning of the FLSA.

16. Defendants employed Plaintiffs in Bronx County, New York, as ironers / tailors.

17. The work performed by Plaintiffs was directly essential to the laundry and dry-cleaning businesses operated by the corporate and individual Defendants.

18. At relevant times, upon information and belief, and during the course of Plaintiffs' employment, the Defendants failed to maintain accurate and sufficient time records.

19. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs, lawfully earned wages, minimum wages, and overtime compensation, in contravention of the FLSA and New York Labor Law.

20. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs, lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

21. Although 206 Kingsbridge Cleaners Inc. and Solution Cleaners Corp, are separate corporations and/or business entities, they engage in related activities, namely, operating dry

cleaning and laundry businesses which employed Plaintiffs. The corporations shared Plaintiff Daniel Batista, as well as other employees, acted in the interest of each other with respect to employees, paid their employees by the same method, shared control over their employees, and are themselves under common control and management.

22. The corporations are owned, operated, and controlled by the same owner, or owner group, operating as a unified operation and, upon information and belief, each provides mutually supportive services to the substantial advantage of the other, such that each entity may be treated as a single enterprise and/or joint employer.

23. The performance of Plaintiffs' job responsibilities, as well as the responsibilities of other similarly situated employees, was and continues to be controlled by one person or group of persons, corporations, or other organizational units acting together.

24. The corporate defendants share a common commercial business purpose, namely, operating laundry and dry-cleaning businesses in New York City.

25. Upon information and belief, an arrangement existed between the corporate defendants whereby such entities agreed to share the services of Plaintiff Daniel Batista, and other employees.

## STATEMENT OF FACTS

26. Plaintiff, Radames Matos, was employed by Defendant 206 Kingsbridge Cleaners Inc. in Bronx, New York, as a tailor at Defendants' dry cleaning and laundry business known as "Kingsbridge Cleaners", beginning in February 2019 through December 30, 2019.

27. During his employment, Plaintiff Radames Matos worked over forty (40) hours per week.

...

28. Throughout his employment, Plaintiff Radames Matos worked six (6) days per week. He was scheduled to work 9:00 a.m. to 5:00 p.m., or sometimes later; he worked an eight (8) or nine (9) hour shift six (6) days per week, for a total of at least forty-eight (48) hours per week.

29. Throughout his employment, Plaintiff Radames Matos was paid a weekly salary of three hundred sixty dollars ($360.00), the equivalent of an hourly rate of $7.50, for all hours worked.

30. Plaintiff Radames Matos was not paid hourly for all hours worked; his designated hourly rate was below the New York State minimum wage, and he was not paid "overtime compensation" at time and a half the applicable minimum wage for work in excess of forty (40) hours each week.

31. Plaintiff, Daniel Batista, was employed by Defendants in as an ironer and general helper, at defendants' dry cleaning and laundry businesses located in The Bronx and upper Manhattan, beginning in or around 2014, through March 2020.

32. In the beginning, Plaintiff Daniel Batista worked on Sundays at Solution Cleaners, and was paid six dollars ($6.00) per hour, for a twelve (12) hour shift.

33. Beginning in mid 2019, through March 2020, Plaintiff Daniel Batista worked seven (7) days per week -- six (6) days at the Bronx location, and one day in upper Manhattan -- twelve (12) hours per day, and was paid six dollars ($6.00) per hour, for all hours worked.

34. Throughout his employment, Plaintiff Daniel Batista was paid an hourly rate of six dollars ($6.00) per hour, for all hours worked. At all times, Plaintiff Daniel Bautista was paid by cash.

35. Plaintiffs worked directly for the corporate and individual Defendants.

36. Both Plaintiffs were paid less than minimum wage, at all relevant times.

37. At all times throughout their employment, work performed above forty (40) hours per week was not paid at time and one-half the applicable minimum wage, as required by state and federal law.

38. Plaintiffs were not provided with true and accurate wage statements, detailing their hours worked, hourly rate of pay, the basis for their compensation, itemizing any withholdings, and setting forth their net pay.

39. At all relevant times, the Defendants knowingly and willfully operated their business with a policy of not paying the FLSA overtime rate (of time and one-half) or the New York State minimum wage or overtime rate (of time and one-half) to Plaintiffs for work performed over forty (40) hours in a workweek.

40. Plaintiffs were not provided an accurate "wage statement" or pay stub with their weekly compensation.

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

41. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "40" of this Complaint as if fully set forth herein.

42. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

43. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

44. Upon information and belief, at all relevant times, Defendants had gross revenues in excess of $500,000.

45. Plaintiffs worked hours for which they were not paid minimum wages.

46. Plaintiffs were entitled to be paid at the rate of time and one-half the applicable minimum wage, for all hours worked in excess of forty (40) each workweek.

47. The Defendants failed to pay Plaintiffs wages for all hours worked, minimum wages, and overtime compensation, at all relevant times, in the lawful amount for all hours worked.

48. At all relevant times, the Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs for all hours worked in excess of forty (40) hours per work week, which violated the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

49. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime pay would financially injure Plaintiffs.

50. The Defendants have failed to make, keep and preserve accurate records with respect to Plaintiffs and other employees, sufficient to determine the wages, hours and other conditions and practices of employment, in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

51. Records concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs may be false or inaccurate.

52. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

53. As a direct and proximate result of Defendants' disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

54. Due to the unlawful acts of the Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

55. Plaintiffs are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

56. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "55" of this Complaint as if fully set forth herein.

57. At all relevant times Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

58. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay Plaintiffs minimum wages in the lawful amount for all hours worked.

59. The corporate and individual Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay overtime compensation at rates of not less than one and one-half times the statutory minimum rate of pay, for each hour worked in excess of forty (40) hours in a workweek.

60. Each of the Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay "spread of hours" premium to Plaintiffs for each day they worked in excess of ten (10) pursuant to New York State Department of Labor Regulations §§ 137-1.7; 142-2.4.

61. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants unpaid minimum wages; unpaid overtime wages; unpaid "spread of hours" premiums; reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiffs also seek liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

62. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "61" of this Complaint as if fully set forth herein.

63. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

64. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

65. Defendants did not provide Plaintiffs, with accurate written statement properly accounting for their actual hours worked and setting forth their true hourly rate of pay, regular wages, and/or overtime wages.

66. Upon information and belief, Defendants' record keeping practices were intended to, and did in fact, disguise the actual number of hours the employees worked, in order to avoid paying them for their full hours worked; and, overtime due.

67. Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate timesheets and payroll records.

68. Plaintiffs were not provided with true and accurate wage statements as required by law.

69. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

70. As a result of Defendant's violations of New York Labor Law § 195(3), Plaintiffs may recover damages of one hundred dollars for each work week Defendants failed to provide Plaintiffs with wage notices, not to exceed a total of five thousand dollars ($5,000), together with costs and reasonable attorney's fees in accordance with New York Labor Law § 198 (1-d).

71. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiffs, respectfully request that this Court grant the following relief:

(a) An award of unpaid wages, minimum wages, and overtime due under the FLSA and New York Labor Law;

(b) An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(c) An award of statutory damages for failure to provide wage notices and wage statements, pursuant to the New York State Wage Theft Prevention Act;

(d) An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(e) An award of prejudgment and post-judgment interest;

11

(f)     An award of costs and expenses associated with this action, together with reasonable attorneys' fees;

(g)     Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues.

Dated: New York, New York
August 11, 2020

Respectfully submitted,

CILENTI & COOPER, PLLC
**Counsel for Plaintiffs**
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
Telephone  (212) 209-3933
Facsimile  (212) 209-7102
pcooper@jepclaw.com

By: _____
Peter Hans Cooper (PHC 4714)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, __Radames Matos__, am an employee currently or formerly employed by __Kingsbridge Cleaners__, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
       July 11, 2020

*Radames Matos*

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Daniel Batista_, am an employee currently or formerly employed by _Kingsbridge and Solution Cleaners_, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_July 11_, 2020

_DANNY_