UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RADAMES MATOS, and<br>DANIEL BATISTA,<br>                      Plaintiffs,<br>-against-<br>206 KINGSBRIDGE CLEANERS INC.<br>dba KINGSBRIDGE CLEANERS;<br>SOLUTION CLEANERS CORP.;<br>and JUAN CARLOS DOMINGUEZ,<br>                      Defendants. | Case No.: 20 cv 6308<br>(LTS)(DCF)<br><br>DECLARATION OF<br>PETER H. COOPER, ESQ.<br>IN SUPPORT |

Peter H. Cooper, being duly affirms and declares the following under penalty of perjury:

1. I am a member Cilenti & Cooper, PLLC (hereinafter, the "Firm"), and am admitted to practice law in the Courts of the State of New York, including within the United States District Court for the Southern District of New York.

2. The Firm filed a complaint on behalf of plaintiffs Radames Matos and Daniel Batista, in the above-captioned action, on or about August 11, 2020.

3. I am familiar with the facts and circumstances of this matter as set forth herein based on my review of my file, the docket, and communications with plaintiffs.

4. The Firm makes this motion pursuant to Local Civil Rule 1.4 to withdraw as counsel for plaintiffs because of unsuccessful attempts to communicate with Daniel Batista, who instructed our office that he does not want to pursue his claim. And based upon lack of cooperation with the prosecution of his case on the part of plaintiff Radames Matos. Mr. Matos has refused requests to meet with us to assist with preparation of a response to defendants' proposed motion for summary judgment and to prepare for trial.

5.  In the interest of fairness, we respectfully ask the court to grant a short stay to allow plaintiffs to retain counsel or proceed *pro se*, should they wish.

6.  Under New York law, an attorney has the right to terminate an attorney-client relationship, and an attorney may be relieved upon reasonable notice to the client, and a showing of good and sufficient cause. *See Bucaro v. Tully, P.C.*, 126 Misc.2d 590, 483 N.Y.S.2d 564 (S.Ct. N.Y. Co. 1984). This Court has found that good and sufficient cause is found to exist when a client has failed to cooperate with counsel, or where irreconcilable differences between the attorney and client exist. *See Callahan v. Consolidated Edison Company of New York*, No. 00-6542, 2002 U.S. Dist. LEXIS 11791 (S.D.N.Y June 28, 2002); *Griffen v. Norwegian Cruise Line, Ltd.*, No. 01-9755, 2002 U.S. Dist. LEXIS 5630, at *3 (S.D.N.Y. April 2, 2002).

9.  In sum, because of the irreconcilable differences between the Firm and Plaintiffs, and lack of assistance with their case, the Firm does not believe it can adequately represent Radames Matos or Daniel Batista in this matter.

10.  There should be minimal prejudice to any of the parties in granting this motion.

11.  The Firm received a no payment in this matter and advanced costs for filing and service; we will assert no retaining lien in connection with this matter.

12.  For the foregoing reasons, we respectfully request that the Court grant the instant motion and permit the Firm to be relieved as attorneys of record for plaintiffs in this action, and that they be given a time to find suitable replacement counsel if they choose to continue with this matter.

Date: New York, New York
September 15, 2021

Peter H. Cooper (PHC 4714)