UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

RADAMES MATOS and DANIEL
BATISTA,

                         Plaintiffs,

          -against-                            No. 20-CV-06308-LTS-DCF

206 KINGSBRIDGE CLEANERS, INC., et
al.,

                         Defendants.
--------------------------------------------------------x

<u>MEMORANDUM ORDER</u>

          For the reasons set forth below, the Court hereby dismisses Plaintiffs' Complaint

for failure to prosecute, as Plaintiffs have not responded to Court orders or otherwise

communicated with the Court since July 7, 2021.

<u>BACKGROUND</u>

          This action was initiated on August 11, 2020, when Plaintiffs Radames Matos and

Daniel Batista ("Plaintiffs") filed suit against their former employers 206 Kingsbridge Cleaners

Inc., Solution Cleaners Corp., and Juan Carlos Dominguez ("Defendants"), claiming that

Defendants violated the Fair Labor Standards Act by failing to pay them proper minimum wage

and overtime compensation. (Docket entry no. 1, "Complaint.") On November 20, 2020,

Defendants filed an Answer (docket entry no. 14), and the parties then began to undertake

discovery, overseen by Magistrate Judge Debra Freeman. A pre-trial conference was held on

December 9, 2020, and discovery closed on June 4, 2021. (Docket entries no. 16, 19.) The

parties filed a joint status report on July 7, 2021, reporting that a settlement had not been reached

and requesting 60 days to file a joint pre-trial order. (Docket entry no. 20.) On August 11, 2021,

Defendants filed a joint motion for summary judgment, which was shortly thereafter terminated by the Court for failure to comply with local civil rules.  (Docket entries no. 23, 27.)

On September 15, 2021, Plaintiffs' counsel, Peter Hans Cooper of Clienti & Cooper, PLLC, filed a motion to withdraw, citing Plaintiffs' failure to communicate with the firm.  (Docket entries no. 28, 29.)  Mr. Cooper explained that he had made numerous "unsuccessful attempts to communicate with Mr. Batista, who instructed our office that he does not want to pursue his claim," and that Mr. Matos had similarly "refused requests to meet with us to assist with preparation" of the case for trial.  (Docket entry no. 29.)  Mr. Cooper also certified that a copy of the motion to withdraw and declaration in support had been mailed to Plaintiffs. (Docket entry no. 30.)  On September 27, 2021, Magistrate Judge Freeman entered an order which directed that: (1) Plaintiffs should submit a response by October 18, if they wished to be heard with respect to their counsel's motion to withdraw; and (2) Plaintiffs should attend the scheduled October 21 phone conference.  (Docket entry no. 31.)  Plaintiffs did not submit a response, and they did not appear at the scheduled phone conference.  (Docket entry no. 34.) Accordingly, on October 21, 2021, Magistrate Judge Freeman entered an order granting counsel's motion to withdraw, and directing Plaintiffs to either have their new attorney file a notice of appearance, or provide the Pro Se Office with their contact information by November 5, 2021.  (Id.)  The order specifically warned Plaintiffs that:

> Their failure to participate in this action may result in the dismissal of their claims for failure to prosecute. Plaintiffs are specifically cautioned that, if no new attorney files a notice of appearance on their behalf, then Plaintiffs' failure to provide their own contact information to the Court by November 5, 2021 may result in the entry of an order dismissing their claims.

(Id.)

Mr. Cooper certified that a copy of this order was mailed to Plaintiffs at their last

known addresses, and that the firm made several further attempts to contact Plaintiffs by phone,

which were all unanswered.  (Docket entry no. 35.)  Plaintiffs have had no further contact with

the Court.

## DISCUSSION

Federal Rule of Civil Procedure 41(b) provides that a case "may be involuntarily

dismissed if a plaintiff 'fails to prosecute or to comply with these rules or a court order.'"  White

v. Westchester Cty., No. 19-CV-3604-KMK, 2020 WL 7323422, at *1 (S.D.N.Y. Dec. 11, 2020)

(citing Fed. R. Civ. P. 41(b)).  Although Rule 41(b) is most typically implicated when a

defendant moves to dismiss for failure to prosecute, "it has long been recognized that a district

court has the inherent authority to dismiss for failure to prosecute sua sponte.  Masri v. Thorsen,

No. 17-CV-4094-KMK, 2020 WL 4369907, at *1 (S.D.N.Y. July 30, 2020) (citing Lesane v.

Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001)).

The Second Circuit considers five factors in assessing whether dismissal of a

plaintiff's case pursuant to Rule 41(b) is appropriate:

> (1) the duration of the plaintiff's failure, (2) whether plaintiff had
> received notice that further delays would result in dismissal, (3)
> whether the defendant is likely to be prejudiced by further delay, (4)
> whether the district judge has taken care to strike the balance
> between alleviating court calendar congestion and protecting a
> party's right to due process and a fair chance to be heard, and (5)
> whether the judge has adequately assessed the efficacy of lesser
> sanctions.

Chavis v. City of New York, No. 17-CV-9518-PAE-BCM, 2018 WL 6532865, at *3 (S.D.N.Y.

Oct. 12, 2018), report and recommendation adopted, 2018 WL 6528238 (Dec. 11, 2018) (citing

Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994)).  No one factor is dispositive.  See

id. (citing Shannon v. Gen. Elec. Co., 186 F.3d 186, 195 (2d Cir. 1999)).

Considering these five factors, the Court concludes that dismissal of Plaintiffs' claims is appropriate in this case.  First, Plaintiffs have failed to take any action in this case or communicate with the Court since July 7, 2021 (when the parties filed their joint status report), leaving this case effectively stalled for over four months.  (Docket entry no. 20.)  This duration is long enough to warrant dismissal.  See, e.g., Seth v. City of New York, No. 1:19-CV-01960-AJN-SDA, 2019 WL 7493587, at *3 (S.D.N.Y. Dec. 9, 2019), report and recommendation adopted, 2020 WL 71021 (Jan. 6, 2020) (finding "four months of silence from Plaintiff is sufficient to warrant dismissal").

Second, Plaintiffs received clear notice that further delays in participation would result in dismissal.  Plaintiffs first received notice that action was required on their part on September 15, 2021, when counsel filed his motion to withdraw.  Plaintiffs received additional notice on September 27, 2021, when Magistrate Judge Freeman directed them to submit a response and to attend the scheduled phone conference (both of which directives they ignored).  Plaintiffs received a third and final notice on October 21, 2021, when Magistrate Judge Freeman informed them that failure to contact the Court "by November 5, 2021 may result in the entry of an order dismissing their claims."  (Docket entry no. 34.)  Plaintiffs thus received sufficient notice.  See e.g., Khan v. McElroy, No. 13-CV-5043-AJN, 2015 WL 3526973, at *2 (S.D.N.Y. June 4, 2015) (finding "explicit warning" in court order indicating "that failure to comply would result in dismissal" satisfied notice requirement).

Third, Defendants are likely to be prejudiced by further delay "in the form of wasted time and resources."  Greene v. City of New York, No. 19-CV-873-ARR-RER, 2020 WL 2840521, at *3 (S.D.N.Y. Apr. 23, 2020), report and recommendation adopted, 2020 WL 2836785 (S.D.N.Y. June 1, 2020).  Defendants participated in discovery, filed a motion for

summary judgment, and attended all scheduled conferences, while Plaintiffs have ignored Court

orders and failed to attend mandatory conferences.  Under such circumstances, Defendants

"should not be forced to bear the expense of defending a lawsuit when the plaintiff has shown

little or no interest in pursuing that lawsuit."  Antonios A. Alevizopoulos & Assocs. v. Comcast

Int'l Holdings, Inc., No. 99-CV-9311-SAS, 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000).

Finally, dismissal strikes an appropriate balance between efficiency of the courts

and fairness to the Plaintiffs, because (as explained above) Plaintiffs have been provided with

several opportunities to maintain their claims, but have failed to engage in any communication

with the Court despite clear warnings of the consequences.  Lesser sanctions would prove

ineffective given this lack of communication.  See Greene, 2020 WL 2840521, at *4 ("Plaintiff's

inaction in the face of four warnings that this case may be dismissed suggests that lesser

sanctions will not suffice.").  The Court accordingly dismisses Plaintiffs' claims.

CONCLUSION

For the foregoing reasons, Plaintiffs' claims are hereby dismissed. The Clerk of

Court is respectfully directed to enter judgment in accordance with this Order and to close this

case.

SO ORDERED.

Dated: New York, New York
       November 23, 2021

/s/ Laura Taylor Swain

LAURA TAYLOR SWAIN
Chief United States District Judge